ENDURING LOVE INTERNATIONAL CHURCH,
TRACY ANN BERGIN, BLIA CHA, TONG CHA,
ERIC HERR, ANDY LETOURNEAU,
DOUA XIONG and SAMUEL YANG,

        Plaintiffs,

                                   Case No. 23-cv-1120-pp

     v.

SCOTT R. HALLOIN, SHEILA L. SHADMAN-EMERSON,
MOLLY S. FITZGERALD, LONG LEE, MIANA LEE,
KAY XIONG, DAVID BLONG LEE, MEE LEE,
SANDY A. WILLIAMS, DAVID L. BOROWSKI,
ANNA MARIA HODGES, DENA NARDI,
ANDREW CECERE and
U.S. BANK NATIONAL ASSOCIATION,

        Defendants.

---

**ORDER GRANTING DEFENDANTS ANDREW CECEREE AND US BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS (DKT. NO. 9), GRANTING DEFENDANTS DAVID BLONG LEE, MOLLY S. FITZGERALD, SCOTT HALLOIN, LONG LEE, MEE LEE, MIANA LEE, SHEILA L. SHADMAN EMERSON, AND KAY XIONG'S MOTION TO DISMISS (DKT. NO. 13), DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 17) DENYING PLAINTIFFS' MOTIONS TO STRIKE (DKT. NOS. 20, 23, 24), DENYING PLAINTIFFS' MOTION TO DISQUALIFY DEFENDANTS (DKT. NO. 25), DENYING AS MOOT DEFENDANTS' MOTION FOR RELIEF (DKT. NO. 26), AND ORDERING PLAINTIFFS TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS REMAINING DEFENDANTS SANDY A. WILLIAMS, DAVID L. BOROWSKI, ANNA MARIA HODGES AND DENA NARDI**

---

On August 24, 2023, eight plaintiffs—none of whom are represented by counsel—filed a complaint against U.S. Bank National Association (U.S. Bank) and thirteen individuals. Dkt. No. 1. They allege racketeering under 18 U.S.C. §1692(a), false or misleading representations under 15 U.S.C. §1692(e), fraud

or false statements under 18 U.S.C. §47, embezzlement under 18 U.S.C. §31 and theft under Wis. Stat. §943.20. Id. at ¶1. According to the plaintiffs, the defendants acted as debt collectors when "they do not have a license to be collectors nor a license to practice law and has no valid or current oath of office." Id. at ¶6. One of the plaintiffs is the Enduring Love International Church; the remaining seven plaintiffs are members and board members of the church. Id. at ¶¶7, 8.

The plaintiffs allege that (1) they never have taken a loan from the defendants, (2) they have no contracts or agreements with the defendants, (3) the church "and all of its members bank with U.S. Bank located in Greendale, Wisconsin," (4) U.S. Bank mistakenly created an account for the Enduring Love International Corporation d/b/a Enduring Love International Church, (5) the church and all its members fund their non-profit checking and savings account using their tithes and offerings and (6) as of March 14, 2023, the total amount in the U.S. Bank account, deposited by the Enduring Love International Church, was $71,685.88. Id. at ¶¶12-17. The plaintiffs assert that those funds have been "unlawfully garnished" and they now seek to recover the "funds stolen fraudulently by the defendants." Id. at ¶¶18-23. They claim that "more than 25 members attended a hearing at Milwaukee County Circuit Clerk of Court and one member was taken into custody and jailed for more than 14 hours for simply requesting that documents from the church and its members be recorded." Id. at ¶28. The plaintiffs attached fifty-six pages of exhibits to the

complaint and included "affidavits of truth" from members who believe their funds deposited in the church account were stolen or frozen. Dkt. No. 1-1.

The attorneys representing various defendants have filed notices of appearance, dkt. nos. 5, 6, 7, and motions to dismiss, dkt. nos. 9, 13. The plaintiffs did not respond to the motions to dismiss; instead, they have filed a motion for default judgment against all defendants. Dkt. No. 17. They also have filed motions to strike the notices of appearance, the disclosure statement and the defendants' motions, dkt. nos. 20, 23, 24, and to disqualify the defendants' attorneys, dkt. no. 25. The defendants have asked this court to relieve them of the obligation to file responses to any more of the plaintiffs' motions until the court rules on the motions to dismiss. Dkt. No. 26 at 2.

## I. Defendants U.S. Bank and Andrew Cecere's Motion to Dismiss (Dkt. No. 9)

Defendants U.S. Bank and Andrew Cecere, the CEO of US Bancorp, ask the court to dismiss the case under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of personal jurisdiction due to insufficient service of process, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dkt. No. 9.

### A. <u>Standard of Review</u>

A Rule 12(b)(2) motion tests the court's personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). The court takes the facts asserted in the complaint as true and the complaint need not allege facts demonstrating the existence of personal jurisdiction, but once the defendant moves to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." <u>Curry v.</u>

Revolution Labs., LLC, 949 F.3d 385, 392 (7th Cir. 2020) (quoting Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003)).

Rule 12(b)(5) allows a defendant to enforce the service of process requirements. "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." Cardenas v. City of Chicago, 646 F.3d 1001, 1005 (7th Cir. 2011). If the court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m). The decision whether to dismiss or extend the period for service is inherently discretionary. United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008).

A Rule 12(b)(6) motion challenges "the sufficiency of the complaint," not the merits of the claims. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting Triad Assocs., Inc. v. Chi. Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," Ashcroft v. Iqbal, 556 U.S. 662 (2009), and draw all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016). In contrast to a motion to dismiss under Rule 12(b)(2), a court considering a motion to dismiss under Rule 12(b)(6) generally cannot consider matters outside the pleadings. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not

4

excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

    B.    Defendants' Brief

Defendants U.S. Bank and Andrew Cecere move to dismiss under Rules 12(b)(2) and 12(b)(5), asserting that the plaintiffs have failed to effectively serve either defendant. Dkt. No. 10 at 2. Alternatively, they ask the court to dismiss the complaint under Rule 12(b)(6) because the plaintiff has failed to state any claim upon which relief can be granted. Id.

Both U.S. Bank and Cecere argue that the plaintiffs failed to effect proper service. Service on U.S. Bank, as an association, must meet the requirements of Fed. R. Civ. P. 4(h), which governs the service of corporations, partnerships or associations. Id. at 5. The defendants say that the plaintiffs' "skeletal 'Proof of Service' form" merely states that service on U.S. Bank was made through "Register [sic] mail" and did not effectuate service of process on U.S. Bank. Id. at 7.

The defendants say that the plaintiffs' attempt to serve defendant Cecere "suffers nearly identical defects as [the plaintiffs'] service of process attempt on U.S. Bank." Id. at 8. According to the defendants, Rule 4(h) incorporates the manner of service as "prescribed by Rule 4(e)(1) for serving an *individual*" and Wis. Stat. §801.11(1)(a) and (b) govern service upon a natural person and provide that service may be effected by "*personally* serving the summons upon the defendant" or by "*leaving a copy of the summons* at the defendant's usual

5

place of abode." Id. The defendants state that the plaintiffs did not personally serve the summons on Cecere, nor did the plaintiffs leave a copy of the summons at Cecere's abode, so they did not effectively serve Cecere. Id.

Alternatively, U.S. Bank and Cecere argue that the plaintiffs have not alleged that either of them took any action that would support the claims in the complaint. Id. at 9-13. The plaintiffs allege that at best, U.S. Bank "mistakenly created a bank account" in which they deposited their tithes and that the defendants (unspecified) "unlawfully garnished the U.S. Bank account of Enduring Love International Church for the entire amount of $71,685.88." Id. at 10 (citing Dkt. No. 1 at ¶¶15, 18). They assert that there are no allegations that U.S. Bank or Cecere took any of the money from the church's account or made any false statements or misleading representations (or *any* statements or representations). Id. at 9-11. U.S. Bank and Cecere argue that the plaintiffs have failed to provide any authority that would allow them to bring a civil action under a criminal statute for theft. Id. at 12-14.

The plaintiffs have not opposed the motion or file any evidence of proper service. The defendants did not file a reply brief.

    C.    <u>Analysis</u>

        1.    *Governing Law*

After filing a complaint in federal court, a plaintiff must serve each defendant with a summons and a copy of the complaint against the defendant. Fed. R. Civ. P. 4(b), (c)(1); <u>Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 104 (1987). "A district court cannot exercise personal jurisdiction

6

over a defendant unless the defendant has been properly served with process," and "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint." Ligas, 549 F.3d at 500. "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." Cardenas v. City of Chicago, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005)).

Because U.S. Bank is an association, the plaintiffs must effectuate service by complying with Rule 4(h):

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1)    in a judicial district of the United States:
>>
>>> (A)    in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B)    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

Rule 4(e) governs the procedure for serving individual defendants. When serving an individual defendant, a plaintiff properly serves the defendant by:

7

<ol>
<li>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or</li>
<li>(2) doing any of the following:
<ol type="a">
<li>(a) delivering a copy of the summons and of the complaint to the individual personally;</li>
<li>(b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or</li>
<li>(c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.</li>
</ol>
</li>
</ol>

Fed. R. Civ. P. 4(e).

Under Wisconsin law, a plaintiff must serve an individual defendant by personally serving the summons on the defendant. Wis. Stat. §801.11(1)(a). If with reasonable diligence the plaintiff is unable to effectuate service by personally serving the individual defendant, the plaintiff may leave a copy of the summons at the defendant's usual place of abode in the presence of either: a competent member of the defendant's family who is at least fourteen years old who has been informed of the summons' contents, or a competent adult residing in the defendant's abode who has been informed of the summons' contents; or "pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made." Wis. Stat. §801.11(1)(b)(1). Only when the plaintiff is unable to serve the defendant by these means may service be made by "publication of the summons as a class 3 notice, under ch. 985, and by mailing." Wis. Stat. §801.11(1)(c).

8

Finally, Fed. R. Civ. P. 4(m) requires plaintiffs to effectuate service within ninety (90) days after the date the complaint was filed. If the plaintiff does not effectuate service within ninety days, the court—whether on a motion from a defendant or on its own motion after notice to the plaintiff—"must dismiss the action without prejudice against that defendant or order that service be made within a specified time." There is one exception to that rule—if the plaintiff can show "good cause" for failing to effectuate service, the court "must" extend the time for doing so. The plaintiff must "perfect" service within the period specified by the rule. See Cardenas, 646 F.3d at 1005 ("If . . . the district court finds that the plaintiff has not met that burden [to demonstrate that the district court has jurisdiction over each defendant through effective service] and lacks good cause for not perfecting service," the court must dismiss or extend the time).

2.   *Rules 12(b)(2) and (b)(5)—jurisdiction and service*

As the caselaw above states, the plaintiffs have the burden of establishing the court has jurisdiction through proper service. U.S. Bank and Cecere filed their motion to dismiss on September 14, 2023. The certificate of service says that the defendants served the motion on the plaintiffs by first-class mail on September 14, 2023. Dkt. No. 12. Under this court's Civil Local Rule 7(b), the plaintiffs were required to file "any memorandum and other papers in opposition" to that motion "within 21 days of service of the motion." The local rule further explains that if the non-moving party does not respond to the motion, the court may decide the motion without input from that party. If the plaintiffs had evidence proving that they perfected service, they were

9

required to present it by October 5, 2023—twenty-one days after U.S. Bank and Cecere served the motion. As of the date of this order, the court has not received an opposition brief or any evidence proving proper service from the plaintiffs. That means that the plaintiffs have not met their burden of demonstrating that they have effected proper service sufficient to give this court jurisdiction over the defendants.

That is not to say that the plaintiffs did not file anything. On October 10, 2023, the court received from the plaintiffs a document titled "Verified MOTION FOR DEFAULT JUDGEMENT." Dkt. No. 17. The motion—a paragraph long—asks the court to grant default judgment against all the defendants under Fed. R. Civ. P. 55(b)(2). Id. at 2. The plaintiffs did not file a brief in support of this motion and the motion says nothing about the defendants' allegations of improper service.

On October 16, 2023, the court received from the plaintiffs a document titled "Verified MOTION TO STRIKE." Dkt. No. 20. The plaintiffs ask the court to strike defense counsels' notices of appearance, U.S. Bank s Rule 7.1 corporate disclosure statement, the instant motion to dismiss and the brief in support of that motion. Id. at 2. The six-page, single-spaced document makes a single assertion regarding service on U.S. Bank and Cecere:

> Andrew Cecere d/b/a ANDREW CECERE and U.S. BANK NATIONAL ASSOCIATION were served, hand delivered, by the UNITED STATES POSTAL OFFICE, via "Registered Mail", USPS's Postmaster's highest level of security handling of securities and negotiable and non-negotiable instruments.

Dkt. No. 20 at ¶8.

The plaintiffs did not provide this statement in a timely response to the defendants' motion to dismiss. More important, Rule 4 does not contemplate service by registered mail on individuals or businesses. See Fed. R. Civ. P. 4(e)(2); 4(h)(1)(B). Wisconsin allows service on an individual by mail when a plaintiff has, "with reasonable diligence," attempted the primary methods of service (personal service, service at the abode) and been unsuccessful and then effectuated publication by service. See Wis. Stat. §801.11(1)(c) and (5)(b). The plaintiffs have presented no evidence that they attempted personal service or service at Cecere's abode. They have presented no evidence that they effectuated service by publication. As for U.S. Bank, the plaintiffs also could have effected service by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. See Rule 4(h)(1)(B). The plaintiffs have presented no evidence that they did so. The plaintiffs have not met their burden to demonstrate that they properly served U.S. Bank or Cecere. The plaintiffs had ninety days from the date they filed the complaint to effectuate proper service on the defendants. That deadline expired on November 22, 2023.

The defendants also asked the court to dismiss them because the complaint does not state claims against them for which a federal court may grant relief. The court has scoured the nine-page complaint for allegations against U.S. Bank and Cecere.

The complaint contains general allegations against all the defendants. For example, the complaint alleges that the "defendants" are conducting business in Wisconsin "without proper filings" and are operating as debt collectors. Dkt. No. 1 at 2, ¶6.[1] In fact, the plaintiffs state all of the causes of action against "defendants" plural, without specifying which defendant is alleged to have violated which statute or common-law cause of action. The only specific allegation about U.S. Bank appears in paragraph 15, in which the plaintiffs allege that "U.S. Bank mistakenly created a bank account in the name of Enduring Love International Corporation dba as Enduring Love International Church." Dkt. No. 1 at ¶15. Two paragraphs later, however, the complaint alleges that as of March 14, 2023, the Enduring Love International Church's deposits held in that account totaled $71,685.88. Id. at ¶17. "Mistakenly" creating a bank account is not a violation of federal law—not any of the laws the plaintiffs have identified or any others—especially when the plaintiffs deposited funds into that "mistaken" account of their own volition. The complaint also alleges that the "defendants"—plural—unlawfully garnished that $71,685.88 amount on March 15, 2023. Id. at ¶18. But there is no allegation that *U.S. Bank* requested or ordered the garnishment; U.S. Bank was the financial institution that happened to be holding the funds garnished by someone else.

---

[1] The plaintiffs also allege that the "[d]efendants"—presumably all of them—are "residents of the State of Wisconsin." Dkt. No. 1 at 2, ¶6. U.S. Bank National Association is a resident of the state of Delaware. https://www.sec.gov/Archives/edgar/data/36104/000119312514062530/d633758d10k.htm.

As for Cecere, the complaint contains *no* specific allegations at all. One cannot determine from reading the complaint who Cecere is or what his role allegedly was in the opening of the "mistaken" bank account or the garnishment. Other than naming him as a defendant in the caption, the complaint is silent as to Cecere.

Granted, the federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 55 U.S. at 556). And "defendants are entitled to fair notice of each claim against them, as required by the Federal Rules of Civil Procedure." Schmees v. HC1.COM, Inc., 77 F.4th 483, 488 (7th Cir. 2023) (citations omitted). The scant specific allegations against U.S. Bank and the general allegations against all the defendants are not sufficient to allow the court to draw a reasonable inference that either of them are liable for the alleged conduct, nor do they give either defendant fair notice of the claims against them.

What's more, four of the five causes of action alleged in the complaint are allegations that the defendants violated *criminal* statutes. The plaintiffs have alleged that the defendants (plural, generally) violated 18 U.S.C. §1962(a) (the criminal Racketeering Influenced and Corrupt Organizations Act), 18 U.S.C.

§47 (which criminally punishes a variety of false statements to federal agencies) and 18 U.S.C. §31 (which prohibits various types of federal theft and counterfeiting). Their final cause of action is titled "Subchapter III Misappropriation 943.20 Theft." Dkt. No. 1 at page 6. The court assumes that the plaintiffs are referring to Wis. Stat. §943.20, which is Wisconsin's criminal theft statute.

"[P]rivate persons generally have no right to enforce criminal statutes or to sue under them unless the state also creates a private right of action." Saleem v. Helman, 124 F.3d 205 (Table), 1997 WL 527769, at *2 (7th Cir. Aug. 21, 1997) (citing Ragsdale v. Turnock, 941 F.2d 501, 509 (7th Cir. 1991) (Posner, J., concurring), cert. denied, 502 U.S. 1035 (1992)). See also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) (stating the Court has "been quite reluctant to infer a private right of action from a criminal prohibition alone" and has "not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions"); Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action."). The plaintiffs cannot use a civil lawsuit to sue the defendants—or anyone else—for alleged violations of *criminal* statutes.

The plaintiffs have alleged one federal, *civil* cause of action—they allege that all the defendants violated 15 U.S.C. §1692e. That statute prohibits a debt

collector from using false, deceptive or misleading representations in connection with the collection of a debt. But the plaintiffs have not alleged facts supporting their claim that U.S. Bank or Cecere (or any other defendant) were trying to collect a debt (although they have asserted, without support, that all of the defendants were debt collectors). They allege only that the "defendants" unlawfully garnished the funds in the bank account at U.S. Bank. In fact, the plaintiffs allege that the funds in the account were "stolen fraudulently" by the defendants, dkt. no. 1 at ¶23, and that the defendants "unlawfully stole the tithes and offerings of Enduring Love International Church's members," dkt. no. 1 at ¶30. "Stealing" is not collecting a debt. A thief is not required to comply with the Fair Debt Collections Practices Act.

The complaint does not allege claims for which a federal court may grant relief. But there is another problem with the complaint. The caption of the complaint lists eight plaintiffs. The first is Enduring Love International Church. The remaining seven plaintiffs are designated as "beneficiary." The complaint alleges that Enduring Love International Church is "a non-profit, 508(c)91(a) and private member association." Dkt. No. 1 at ¶¶7, 8 and 10. It asserts that the individual plaintiffs are "board members representing all the members of Enduring Love International Church . . . ." Id. at ¶8. No lawyer signed the complaint or filed a notice of appearance on behalf of any of the eight named plaintiffs.

The complaint describes Enduring Love International Church as an association. "It has been the law for the better part of two centuries . . . that a

corporation may appear in the federal courts only through licensed counsel."
See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (citations omitted).
"A corporation is not permitted to litigate in a federal court unless it is
represented by a lawyer licensed to practice in that court." United States v.
Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) (citing Rowland, 506 U.S. at 202,
Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985)).
The same is true for non-profits. See Muzikowski v. Paramount Pictures Corp.,
322 F.3d 918, 924 (7th Cir. 2003). This court's Local Rules reiterate the
prohibition against associational entities representing themselves in federal
court: General Local Rule 83(e) states that "[o]nly natural persons, including
those operating sole proprietorships, may appear pro se. Legal entities, such as
corporations, partnerships, unincorporated associations, limited liability
companies, or trusts, must be represented by legal counsel." If the *church* has
claims—as opposed to claims held by its individual members—it must bring its
claims through a lawyer.

Even if the church was represented by an attorney, if it filed the lawsuit
on behalf of its members, it must demonstrate that it has "standing" to do so.
An associational entity has "standing" to bring a lawsuit on behalf of its
members only if (a) its members would otherwise have standing to sue in their
own right; (b) the interests it seeks to protect are germane to the church's
purpose; and (c) neither the claim asserted nor the relief requested requires the
participation of individual members of the lawsuit. Hunt v. Washington State
Apple Advertising Com'n, 432 U.S. 333, 343 (1977). The complaint contains no

facts about the members' individual standing to sue in their own rights or whether the claims asserted or the relief requested require the participation of individual members.

Under 28 U.S.C. §1654, individuals may represent themselves in federal court and file lawsuits on their own behalf. But it is not clear that the seven individual plaintiffs who signed the complaint are suing to represent their *own* claims. It appears they may be suing on behalf of the members of the church. If so, they are attempting to bring a "class action." Federal Rule of Civil Procedure 23 allows class actions in federal court, if the individual or individuals seeking to bring the class action can show that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a). "These prerequisites must be alleged in the complaint at the time of its filing and must be established before the court can certify a class under Rule 23(c)." Sjoblom v. Charter Commc'n, LLC, No. 3:07-cv-0451-bbc, 2007 WL 4560541, at *6 (W.D. Wis. Dec. 19, 2007). The complaint contains no class allegations.

Perhaps the remaining seven plaintiffs have filed this suit to pursue their own individual claims, but they should be aware that if they are seeking to pursue claims held by church members generally, they have not alleged class allegations sufficient to allow the court to determine whether to allow them to represent a class.

Because the plaintiffs have not properly served U.S. Bank and Cecere and thus the court has no personal jurisdiction over them; because the complaint fails to state claim for which a federal court may grant relief against either defendant; and because the church is proceeding without representation, the court will grant defendants U.S. Bank and Cecere's motion to dismiss and will dismiss those defendants without prejudice.

## II. Defendants David Blong Lee, Molly S. Fitzgerald, Scott Halloin, Long Lee, Mee Lee, Miana Lee, Sheila L. Shadman-Emerson, and Kay Xiong's Motion to Dismiss (Dkt. No. 13)

### A. <u>Defendants' Briefs</u> (Dkt. Nos. 14, 18)

Eight individual defendants (the Wisconsin litigants) filed their own motion to dismiss. Dkt. No. 13. Three of the eight defendants—Scott Halloin, Sheila Shadman-Emereson and Molly Fitgerald—are attorneys representing judgment creditors trying to collect money from the Enduring Love International Church. Five other defendants—Long Lee, Miana Lee, Kay Xiong, David Blong Lee and Mee Lee—represent that they have a state court judgment and garnishment against the Enduring Love International Church and a related entity, Enduring Love International LLC.[2] Dkt. No. 14 at 1. The eight Wisconsin litigants argue that they have not been properly served, that the church must be represented by counsel, that the complaint fails to state a

---

[2] The only remaining defendants are judicial officers (Ozaukee County Circuit Court Judge Sandy Williams, Milwaukee County Circuit Court Judge David Borowski, Milwaukee County Circuit Court Clerk Anna Maria Hodges) and a police officer (Dena Nardi), who are enforcing the judgments against the church.

plausible claim and that the claims against Long Lee, Miana Lee, Kay Xiong, David Blong Lee and Mee Lee are barred by claim preclusion. Id. at 5-12.

By way of background, the Wisconsin litigants explain that on September 8, 2022, they obtained a judgment in the amount of $2,445,569.41 in Ozaukee County Circuit Court (Judge Sandy Williams) against Kay Yang and the Enduring Love International Center for fraudulent activity. Id. at 2 (citing Dkt. No. 15-3). To collect the judgment, the Wisconsin litigants filed a garnishment action in Milwaukee County Circuit Court (Judge David Borowski). Id. On July 24, 2023, Judge Borowski allowed the Wisconsin litigants to garnish $71,685.88 from the Enduring Love International Church's accounts at U.S. Bank. Id. at 2-3 (citing Dkt. No. 15-4). On July 17, 2023, Yang filed an identical lawsuit against the same defendants (with the exception of U.S. Bank and Cecere) in the Northern District of Illinois. Id. at 3 (citing Yang v. Halloin, et al., Case No. 23-cv-4598).[3] The Wisconsin litigants allege that "[t]his lawsuit appears to be the latest effort to slow the collection efforts being made by those whom Yang defrauded." Id. The Wisconsin litigants explain that the plaintiffs in the instant case are the Enduring Love International Church, a non-stock corporation dissolved in March 2023, and its board members. Id. (citing Dkt. No. 15-5).

---

[3] The Northern District of Illinois granted the Wisconsin litigants' motion to dismiss for lack of personal jurisdiction. Case No. 23-cv-04598 (N.D. Ill. Oct. 11, 2023), Dkt. No. 45. Two defendants remained in the litigation in the Northern District (including Dena Nardi) but, as of October 17, 2023, the plaintiff had failed to effect proper service. Id. at 48. Attorney Jacob Miota represented the Wisconsin litigants in the Northern District of Illinois.

19

The Wisconsin litigants say that they each received the complaint by U.S. mail. Id. at 5 (citing Dkt. No. 15 at ¶9). They argue that service by registered mail is not listed as a proper service method under Fed. R. Civ. P. 4(e)(2) and is not proper under Wisconsin Statute §801.11. Citing Scandia, 772 F.2d at 1427, the Wisconsin litigants argue that the church is a "separate abstract entity" and must be represented by counsel; they assert that because the complaint was not signed by an attorney, it should be stricken and the case dismissed. Id. at 7. Additionally, the Wisconsin litigants argue that the plaintiffs' claims are not plausible because there is no allegation of racketeering activity, the plaintiffs fail to allege any false or misleading statements by these defendants or plead with particularity and they cannot be sued civilly for violations of criminal statutes. Id. at 9-11. Finally, the Wisconsin litigants argue that the plaintiffs' claims are barred by the doctrine of claim preclusion because the plaintiffs are attempting to collaterally attack a judgment in Milwaukee County Court Case No. 23CV1509. Id. at 11-12.

The plaintiffs did not respond to the Wisconsin litigants' motion to dismiss. The Wisconsin litigants filed a two-page reply brief noting the lack of a response and summarizing their arguments. Dkt. No. 18.

B.    Analysis

For the reasons the court discussed regarding U.S. Bank and Cecere's motion, the plaintiffs have not met their burden to demonstrate that they have effectuated service. They have not provided the court with proof of service, and the declaration filed by Attorney Jacob Miota avers that each of the Wisconsin

20

litigants received the complaint through the U.S. mail. And as the court discussed above, the Wisconsin litigants are correct that an organizational defendant such as a church must be represented in federal court by a licensed attorney. Rowland, 506 U.S. at 202; United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008).

For the same reasons that the court gave in granting U.S. Bank and Cecere's motion to dismiss, the court will dismiss the Wisconsin litigants without prejudice. The complaint contains no specific allegations against the individual defendants; as it did with Cecere, the complaint names the individual Wisconsin litigants only in the caption. As with U.S. Bank and Cecere, the complaint alleges violations of four criminal statutes, although the plaintiffs have no private right of action under those statutes. And the complaint does not allege facts indicating that the Wisconsin litigants were attempting to collect a debt—it asserts that the defendants "stole" the money from the U.S. Bank account.

To the extent that the plaintiffs are trying to relitigate the judgment and award of garnishment already litigated in the state courts, the plaintiffs cannot do so. The "Rooker-Feldman" doctrine—which is derived from Rooker v. Fid. Trust Co., 263 U.S. 413 (1944) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), "provides that lower federal courts do not have subject matter jurisdiction to review state court civil decisions." Edwards v. Ill. Bd. of Admissions to Bar, 261 F.3d 723, 728 (7th Cir. 2011). In fact, the Seventh Circuit Court of Appeals has held specifically that a federal suit for a violation

21

of the Fair Debt Collections Practices Act based on an allegation that the judgment creditor in a state-court case made false statements is barred by Rooker-Feldman. See Harold v. Steel, 773 F.3d 884 (7th Cir. 2014).

The court will grant the Wisconsin litigants' motion to dismiss and will dismiss those defendants without prejudice.

### III.    Plaintiffs' Motion for Default Judgment (Dkt. No. 17)

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. Step one requires the plaintiff to ask the Clerk of Court to enter default, which the clerk may do only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The plaintiff must show the failure to plead or otherwise defend "by affidavit or otherwise." Id. "Entry of default under Rule 55(a) is not, as such entry of a judgment of default; it merely permits the plaintiff to move for such a judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." United States v. DiMucci, 879 F.2d 1488, 1490 n.3 (7th Cir. 1989). Only *after* the plaintiff has demonstrated by affidavit or otherwise that a defendant has not pled or otherwise defended and the clerk has entered default may the plaintiff seek default *judgment.* Rule 55(b).

A defendant fails to "plead" when he or she does not answer the complaint. "[F]iling a motion to dismiss qualifies as 'otherwise defending' for purposes of Rule 55(a)." Flambeau, Inc. v. GDL Brokerage, Inc., No. 19-cv-359-jdp, 2020 WL 3270538, at *2 (W.D. Wis. June 17, 2020) (citing 10A Charles

Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE §2682 (4th ed. 2019) ("The words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading.")).

As to the defendants who filed motions to dismiss, the court will deny the plaintiffs' motion for default judgment for three reasons. First, "a responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the federal courts." Silva v. City of Madison, 69 F.3d 1368, 1376 (7th Cir. 1995); see also Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.") The court cannot enter default against a party that has not been properly served, because the court does not have jurisdiction over that defendant. See be2 LLC v. Ivanov, 642 F.3d 555, 557 (7th Cir. 2011) ("When a district court enters a default judgment without personal jurisdiction over the defendant, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment." (citation and internal quotation marks omitted)).

Second, the plaintiffs have not followed the procedure required by Rule 55. They did not seek entry of default from the Clerk of Court and did not present an affidavit or other evidence demonstrating that the defendants have not pled or otherwise defended.

Third, even if the plaintiffs had properly served the defendants who filed motions to dismiss, those defendants have "otherwise defended" the lawsuit by filing motions to dismiss. Fed. R. Civ. P. 12(a)(1)(A)(i) requires a defendant to serve a "responsive pleading" within twenty-one days of being served with the summons and complaint. The court already has found that the defendants who filed motions to dismiss were not properly served with the complaint, but despite that fact, U.S. Bank and Cecere filed their responsive pleading—their motion to dismiss—exactly twenty-one days after the plaintiffs filed their complaint. The Wisconsin litigants filed their responsive pleading—their motion to dismiss—twenty-five days after the complaint was filed; because the plaintiffs sent the complaint by U.S. mail, the Wisconsin litigants may not have received the complaint for a few days after it was filed. One way or the other, U.S. Bank, Cecere and the Wisconsin litigants have "otherwise defended," and the plaintiffs are not entitled to default, much less default judgment.

There are four defendants—Judges Sandy Williams and David Borowski, Milwaukee County Circuit Court Clerk Anna Maria Hodges and police officer Dena Nardi—who have neither answered nor otherwise defended. But the court has nothing to indicate whether the plaintiffs have properly served these four defendants. The plaintiffs' motion to strike says only that U.S. Bank and Cecere were served via registered mail. Dkt. No. 20 at ¶8. It makes no mention of how the plaintiffs served Williams, Borowski, Hodges or Nardi. The plaintiffs attached to their motion to strike a form titled "Firm Mailing Book for Accountable Mail." Dkt. No. 20-1. This appears to be a U.S. Postal Service

form—it has fields for the Postal Service's "Tracking/Article Number," the addresses name and address and various types of payments (postage, extra service fees, handling charges, insured value and other fees with which the court is not familiar). The court does not know who prepared this form or what the plaintiffs intended it to prove, but if they provided it to show that they served all the defendants by U.S. mail, the court already has explained that that does not constitute proper service under Rule 4. The plaintiffs have not demonstrated that they have properly served defendants Williams, Borowski, Hodges or Nardi. They have not demonstrated that these four defendants are aware of the lawsuit against them, or that the defendants have knowingly failed to plead or otherwise defend against the lawsuit.

The court must deny the motion for entry of default judgment.

## IV.    Plaintiffs' Motions to Strike (Dkt. No. 20, 23, 24)

Six days after moving for default judgment, the plaintiffs filed a motion to strike the notices of appearance filed by Attorneys Elisa Ashley and Eric Van Schyndle (who, on September 14, 2023, filed their notices of appearance on behalf of U.S. Bank and Cecere), defendant U.S. Bank's Rule 7.1 Disclosure Statement and the motions to dismiss filed by U.S. Bank/Cecere and the Wisconsin litigants. Dkt. No. 20. The plaintiffs argue that the attorneys are not a party to the complaint and do not have "first hand knowledge of the facts pertaining to this Complaint;" that they have not submitted the "article of incorporation as to what STATE" they are incorporated in; that they are not "Licensed Attorneys" in the State of Wisconsin but are "only a 'Bar Member' of

the State Bar of Wisconsin;" and that Cecere and U.S. Bank were served "hand delivered by the United States Postal Office, via 'Registered Mail', USPS's Postmaster's highest level of security handling of securities and negotiable and non-negotiable instruments." Id. at 3. The plaintiffs also argue that these documents are unsupported by affidavits or depositions and that they ask the court to consider facts outside of the record "which have not been presented in the form required by Rules 12(b)(6) and 56(c)." Id. at 4.

On October 30, 2023, the court received from the plaintiffs two additional motions to strike all motions filed by the defendants' attorneys. Dkt. Nos. 23, 24. The first motion seeks to strike "All MOTIONS issued by Jacob Miota d/b/a JACOB MIOTA" on the grounds that he is neither a party nor a witness. Dkt. No. 23. The second motion is titled "MOTION TO STRIKE All MOTIONS issued by any non-party not limited to Jacob Miota d/b/a JACOB MIOTA, Eric J. Schyndle d/b/a ERIC J. VAN SCHYNDL Dkt." Dkt. No. 24. That motion contains no argument. Id.

Rule 12(f) allows the court to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." But motions to strike generally are disfavored and courts don't often grant them. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Moreover, Rule 12(f) allows a court to strike defenses or other material "from a pleading;" it does not allow courts to strike motions, notices or other documents. See FEDERAL PRACTICE AND PROCEDURE (Wright & Miller) §1380; Fed.

26

R. Civ. P. 7(a) (defining pleadings to include a complaint, counterclaim, crossclaim, third-party complaint, or reply to an answer).

The plaintiffs have not identified a valid reason for the court to strike the documents they list. There is no requirement in the Federal Rules of Civil Procedure or caselaw that a lawyer hired to represent a client have "personal knowledge" of the facts in a complaint. A notice of appearance is a practical document: it advises the court that the party has hired a lawyer and requests that all future documents be served on that lawyer. If a party hires a lawyer but that lawyer does not file a notice of appearance, the court and the other parties in the case do not know that the party is represented by counsel. Notices of appearance are so common, and so helpful, that the Eastern District of Wisconsin provides forms for lawyers to use in filing their notices of appearance. https://www.wied.uscourts.gov/forms/notice-appearance-counsel. U.S. Bank and Cecere have hired Elise Ashley and Eric Van Schyndle to represent them, as they have a right to do. In filing their notices of appearance, the attorneys were doing nothing more than advising the court and the plaintiffs of that fact.

The plaintiffs assert that Attorneys Ashley and Van Schyndle are not "licensed attorneys," but merely members of the State Bar of Wisconsin. That argument assumes there is a difference. But the State Bar of Wisconsin is a "mandatory bar;" "[t]he [Wisconsin] Supreme Court requires lawyers to be admitted to the Supreme Court *and join the State Bar of Wisconsin* as a condition of practicing law in the state." https://www.wicourts.gov/services/

27

attorney/bar.htm. The State Bar of Wisconsin's web site shows that Attorney Ashley is a licensed member of the Wisconsin bar, admitted to practice June 1, 2022, and that her license is in good standing; it shows that Attorney Van Schyndle is a licensed member of the Wisconsin bar, admitted to practice October 19, 2009, and that his license is in good standing. https://www. wisbar.org/directories. Id.

The disclosure statement filed by U.S. Bank is required under Fed. R. Civ. P. 7.1 in any case where jurisdiction is based on diversity of citizenship. Fed. R. Civ. P. 7.1(a)(2). This court's Civil Local Rule 7.1(a) requires the attorney for a nongovernmental party (which U.S. Bank is) to file a disclosure statement that contains certain information—the name of every party the attorney represents in the case, whether the party is a corporation, whether there is a parent corporation, whether any publicly held corporation owns more than 10% of its stock and the names of all law firms expected to appear for that party. Civil L.R. 7.1. Attorneys Ashley and Van Schyndle were *required* to file this document with the court; there is no basis for striking it.

As for the motions to dismiss, Rule 12(b) allows defendants to file motions to dismiss. There is no requirement that a motion to dismiss be supported by affidavits, and generally they are filed well before any discovery—including depositions—has taken place. While some motions to dismiss (such as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted) cannot refer to documents outside the pleadings unless those documents are referenced in the complaint, others (such as a Rule

28

12(b)(2) motion to dismiss for lack of personal jurisdiction) may rely on documents outside of the pleadings. As for the plaintiffs' reference to Rule 56, that is the rule governing summary judgment; none of the defendants have filed motions for summary judgment and, given the early stage of the case, it would have been premature for them to do so.

The court understands that the plaintiffs may not be trained in the law, but their arguments in support of their motion to strike border on frivolous. The court will deny their motions to strike.

## V.    Plaintiffs' Motion to Disqualify (Dkt. No. 25)

On November 6, 2023, the plaintiffs filed a motion to disqualify the defendants' attorneys based on a conflict of interest and the rules of professional conduct. Dkt. No. 25. They accuse the defendants of an unidentified "harmful conflict of interest." Id. at 2. The plaintiffs never explain what the conflict is or why they believe the defendants' attorneys have violated the rules of professional conduct. Id. at 1-5. The court will deny the motion.

When the plaintiffs file motions, their signature certifies that, to the best of their knowledge, information and belief, their factual contentions have evidentiary support and their claims are warranted by existing law. Fed. R. Civ. P. 11(b). They are further certifying that they are not filing their motions for an improper purpose. Id. If the plaintiffs continue to sign and file motions without any factual basis or legal argument, the court will impose an appropriate sanction. Fed. R. Civ. P. 11(c).

29

## VI. Wisconsin Litigants' "Motion for Relief from Responding to Plaintiffs' Baseless and Repetitive Motions in the Absence of a Specific Scheduling Order" (Dkt. No. 26)

The Wisconsin litigants have asked the court to relieve them of the obligation of responding to the plaintiffs' motions until the court rules on the pending motions to dismiss. dkt. no. 26. Because the court has ruled on the motions, the court will deny as moot the Wisconsin litigants' motion.

## VII. Additional Concerns

As discussed above, the church cannot proceed without being represented by a licensed attorney. It appears that the individual plaintiffs may be attempting to bring a class action on behalf of the members of the church, but the complaint does not allege the prerequisites of a Rule 23 class action. The defendants who remain in the case after this order are judicial officers, a court clerk and a law enforcement officer involved in the underlying garnishment cases. There is no indication that any of these defendants have yet been properly served. The complaint contains no specific allegations against the four remaining defendants. Judges are immune from suit for any actions taken in their judicial capacity unless the judge acted in the absence of all jurisdiction, Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011); a Clerk of Court is cloaked in quasi-judicial immunity if she acted at the direction of the judge, Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436-38 (1993); and the plaintiffs cannot relitigate in federal court the judgment entered for the defendants and against the church in state court, Teske v. Wilson Mut. Ins.

Co., 387 Wis. 2d 213, 225 (Wis. 2019). The court will require the plaintiffs to show cause why this case should not be dismissed.

## VIII. Conclusion

The court **GRANTS** U.S. Bank National Association and Andrew Cecere's motion to dismiss. Dkt. No. 9.

The court **ORDERS** that defendants U.S. Bank National Association and Andrew Cecere are **DISMISSED WITHOUT PREJUDICE**.

The court **GRANTS** the Wisconsin litigants' motion to dismiss. Dkt. No. 13.

The court **ORDERS** that defendants David Blong Lee, Molly S. Fitzgerald, Scott Halloin, Long Lee, Mee Lee, Miana Lee, Sheila L. Shadman Emerson and Kay Xiong are **DISMISSED WITHOUT PREJUDICE**.

The court **DENIES** the plaintiffs' motion for default judgment. Dkt. No. 17.

The court **DENIES** the plaintiffs' motions to strike. Dkt. Nos. 20, 23, 24.

The court **DENIES** the plaintiffs' motion to disqualify. Dkt. No. 25.

The court **DENIES AS MOOT** the Wisconsin litigants' motion for relief. Dkt. No. 26.

The court **ORDERS** that by the end of the day on **December 29, 2023**, the plaintiffs must file a written document showing cause—in other words, explaining—why the court should not dismiss this case as to the remaining defendants. If the plaintiffs contend that they have effectuated proper, timely service on Judge Sandy A. Williams, Judge David L. Borowski, Milwaukee

31

County Clerk of Court Anna Maria Hodges and Officer Dena Nardi, they must file proof of such service. Additionally, the plaintiffs must demonstrate that they have viable claims against the four remaining defendants. If the court does not *receive* the written document, and proof of service on the remaining defendants, by day's end on December 29, 2023, the court may dismiss the case for lack of personal jurisdiction.

Finally, the court **ORDERS** that by the end of the day on **December 29, 2023**, a licensed attorney must file a notice of appearance on behalf of Enduring Love International Church. Again, the lawyer must file that notice of appearance in time for the court to *receive* it by the end of the day on December 29, 2023. If a licensed attorney does not file a notice of appearance on behalf of Enduring Love International Church by the end of the day on December 29, 2023, the court will dismiss Enduring Love International Church as a plaintiff.

Dated in Milwaukee, Wisconsin this 27th day of November, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**