UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENDURING LOVE INTERNATIONAL CHURCH,
TRACY ANN BERGIN, BLIA CHA, TONG CHA,
ERIC HERR, ANDY LETOURNEAU,
DOUA XIONG and SAMUEL YANG,

        Plaintiffs,

v.                                 Case No. 23-cv-1120-pp

SANDY A. WILLIAMS, DAVID L. BOROWSKI,
ANNA MARIA HODGES and DENA NARDI,

        Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 35)**

On January 16, 2024, the plaintiffs filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 35. Because the plaintiffs do not take their appeal in good faith and the plaintiffs' affidavit does not contain sufficient financial information for the court to appropriately assess the motion, the court will deny the motion.

**I.    Background**

On August 24, 2023, eight plaintiffs—none of whom are represented by counsel—filed a complaint against U.S. Bank National Association and thirteen individuals. Dkt. No. 1. On November 27, 2023, the court issued an order dismissing U.S. Bank and all but four of the individual defendants. Dkt. No. 28 at 31-32. The court ordered that by the end of the day on December 29, 2023,

1

the plaintiffs must file a written document showing cause why the court should not dismiss the case as to the remaining four defendants. Id. The court explained that "[i]f the court does not receive the written document, and proof of service on the remaining defendants, by day's end on December 29, 2023, the court may dismiss the case for lack of personal jurisdiction." Id. at 32. The court also explained that plaintiff Enduring Love International Church, as an association, must be represented by licensed counsel to appear in federal court. Id. at 16. The court ordered that "[i]f a licensed attorney does not file a notice of appearance on behalf of Enduring Love International Church by the end of the day on December 29, 2023, the court will dismiss Enduring Love International Church as a plaintiff." Id. at 32.

On December 18, 202, the plaintiffs filed a response to the order to show cause, dkt. no. 29, but they did not file proof of service or a notice of appearance on behalf of Enduring Love International Church by the December 29, 2023 deadline. Instead, on December 29, 2023, the plaintiffs filed a notice of appeal, challenging this court's November 27, 2023 order. Dkt. No. 30. On January 2, 2024, the Seventh Circuit Court of Appeals notified the plaintiffs that they must either pay the appellate filing fee or file with this district court a motion for leave to appeal without prepaying the filing fee. Dkt. No. 34. The notice instructed the plaintiffs that if they filed a motion for leave to appeal without prepaying the filing fee, the "motion must be supported by a sworn affidavit in the form prescribed by Form 4 of the Appendix of Forms to the

2

Federal Rules of Appellate Procedure (as amended 12/01/2013), listing the assets and income of the appellant(s)." Dkt. No. 34-1 at 1.

On January 16, 2024, the plaintiffs filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 35. The plaintiffs included an affidavit with their motion but did not use Form 4 as instructed by the Seventh Circuit, nor did they provide any details about their financial circumstances (*e.g.*, their specific assets and expenses). Id. at 3-4. Rather, the plaintiffs stated:

> We are a private member association, a church, and operate under memberships fees. We receive only private donations from our members, and that money has been stolen by the Defendants, therefore, we have no money to pay for any fees.
>
> We are happy to pay the courts the $605 appeal fee upon successfully receiving the return of all of our monies from the Defendants.

Id. at 4.

## II. Legal Standard

A party seeking to appeal a district court order without prepaying the appellate filing fee must file a motion with an affidavit that (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1); 28 U.S.C. §1915(a)(1). A party's affidavit must "include[] a statement of all assets [the movant] possesses and that [the movant] is unable to pay such fees." Sandgren v. McDonough, Case No. 23-CV-923, 2023 WL 8376286, at *1 (E.D. Wis. Nov. 8, 2023). Only natural persons—not artificial entities like corporations or associations—may proceed without

prepaying filing fees on grounds of indigency. See Rowland v. Cal. Men's Colony, 506 U.S. 194, at 201-06 (1993); see also Fehribach v. Ernst & Young LLP, 493 F.3d 905, 913 (7th Cir. 2007) ("Corporations, moreover, are not allowed to proceed in forma pauperis, and to allow them to escape paying costs, on grounds of indigency, would blur the distinction between individuals and corporations." (citation omitted)). As the Seventh Circuit has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing [their] ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014); see also Chung v. Dushane, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("The opportunity to proceed [without prepaying the filing fee] is a privilege provided for the benefit of *indigent persons* and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." (Emphasis added)).

The Seventh Circuit also instructs that a district court may not grant a motion for leave to appeal without prepaying the filing fee where the appeal is "not taken in good faith," meaning that it is based on "a claim that no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (quoting 28 U.S.C. §1915(a)(3)). "A district court should not apply an inappropriately high standard when making a good faith determination." Riley v. Waterman, Case No. 20-cv-1252-pp, 2023 WL 3098454 (E.D. Wis. Apr. 26, 2023) (citing Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998)). "An appeal taken in 'good faith' is one that seeks review of any issue

4

that is not frivolous, meaning that it involves 'legal points arguable on their merits.'" Id. (quoting Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) and citing Coppedge v. United States, 369 U.S. 438, 445 (1962)).

An appeal is not taken in good faith when it "seeks to appeal a non-final, non-appealable order." Stryker v. Cromwell, Case No. 22-cv-1243, 2023 WL 6520379, at *2 (E.D. Wis. Sept. 18, 2023). The federal courts of appeal have jurisdiction over final decisions of the federal district courts. See 28 U.S.C. §1291. "A final decision is one that 'ends the litigation on the merits, leaving nothing for the [district] court to do but execute the judgment.'" P.H. Glatfelter Co. v. Windward Prospects Ltd., 847 F.3d 452, 455 (7th Cir. 2017) (quoting Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989)). "When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal . . ., the order becomes an appealable 'final decision' once the time for correction has expired, whether or not the court enters a final judgment." Davis v. Advoc. Health Ctr. Patient Care Exp., 523 F.3d 681, 683 (7th Cir. 2008).

### III. Analysis

The plaintiffs did not appeal in good faith because their appeal does not challenge a "final decision." See 28 U.S.C. §1291; Stryker, 2023 WL 6520379, at *2. The plaintiffs filed the appeal on December 29, 2023, dkt. no. 30, which was the deadline the court had set for counsel to file a notice of appearance on behalf of Enduring Love International Church and for the plaintiffs to file proof of service for the remaining defendants, dkt. no. 28 at 31-32. Although the

5

court said that it "*will* dismiss Enduring Love International Church" absent an appearance of counsel, the court indicated it "*may* dismiss the case" absent proof of service. Dkt. No. 28 at 31-32. The use of the term "may" indicates that the court's order regarding proof of service was not self-executing, meaning that the court would be required to take further action before dismissing the case as to all plaintiffs. Even if the court's order had been self-executing, the plaintiffs filed their notice of appeal before "the end of the day on December 29, 2023"—before the deadline set by the court had expired. See Davis, 523 F.3d at 683 ("When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal . . ., the order becomes an appealable 'final decision' *once the time for correction has expired*, whether or not the court enters a final judgment." (Emphasis added)).

Even if the plaintiffs had appealed in good faith, their motion and affidavit are deficient. It is not clear to the court whether the affidavit refers only to plaintiff Enduring Love International Church's financial status or if it also refers to the financial status of the individual plaintiffs. To the extent that the motion and affidavit ask the court to allow plaintiff Enduring Love International Church to proceed without prepaying the filing fee, the court must deny the motion because only natural persons—not artificial entities like corporations or associations—may proceed without prepaying filing fees on grounds of indigency.[1] To the extent that the motion and affidavit seek leave for

---

[1] Further, as the court explained in its previous order, plaintiff Enduring Love International Church "may appear in the federal courts only through licensed counsel." Dkt. No. 28 at 15-18 (quoting Rowland, 506 U.S. at 202). The

6

the individual plaintiffs to proceed without prepaying the filing fee, the court must deny the motion because the attached affidavit does not provide the necessary financial information about each plaintiff. An affidavit must provide specific details about each plaintiff's financial circumstances (their specific assets and expenses) so the court can assess whether they qualify to proceed without prepaying the filing fee. Sandgren, 2023 WL 8376286, at *1. The only indication in the affidavit of the plaintiffs' financial status is this statement: "We receive only private donations from our members, and that money has been stolen by the Defendants, therefore, we have no money to pay for any fees." Dkt. No. 35 at 4. This statement does not provide the court with sufficient financial information to assess the individual plaintiffs' financial status.

The court will deny the plaintiffs' motion.

**IV. Conclusion**

The court **DENIES** the plaintiffs' motion for leave to appeal without prepaying the appellate filing fee. Dkt. No. 35.

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

individual plaintiffs may represent their own interests or may even bring a class action, but they cannot represent Enduring Love International Church.