UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENDURING LOVE INTERNATIONAL CHURCH,
TRACY ANN BERGIN, BLIA CHA, TONG CHA,
ERIC HERR, ANDY LETOURNEAU,
DOUA XIONG and SAMUEL YANG,

          Plaintiffs,

v.

          Case No. 23-cv-1120-pp

SANDY A. WILLIAMS, DAVID L. BOROWSKI,
ANNA MARIA HODGES and DENA NARDI,

          Defendants.

---

## ORDER DISMISSING REMAINING DEFENDANTS AND DISMISSING CASE WITHOUT PREJUDICE

---

On August 24, 2023, the plaintiffs—who are representing themselves—filed this case and paid the filing fee. Dkt. No. 1. Rule 4(m) of the Federal Rules of Civil Procedure gave the plaintiffs ninety days—until November 22, 2023—by which to properly serve the defendants. See Fed. R. Civ. P. 4(m) (absent an extension from the court, a plaintiff must serve a defendant "within 90 days after the complaint is filed").

On November 27, 2023, the court granted motions to dismiss filed by several of the defendants and dismissed all defendants except Judge Sandy A. Williams, Judge David L. Borowski, Clerk of Court Anna Maria Hodges and Officer Dena Nardi. Dkt. No. 28. In its November 27, 2023 order, the court also denied the plaintiffs' motion for default judgment. Id. at 22-25. The court

1

explained that it "ha[d] nothing to indicate whether the plaintiffs have properly served" the remaining defendants; the court explained to the plaintiffs why service by U.S. mail is not proper service under Rule 4 and observed that the plaintiffs "have not demonstrated that these four defendants are aware of the lawsuit against them[.]" Id. at 24-25. The court ordered that "by the end of the day on December 29, 2023, the plaintiffs must file a written document showing cause—in other words, explaining—why the court should not dismiss this case as to the remaining defendants." Id. at 31. The court informed the plaintiffs that "[i]f the plaintiffs contend that they have effectuated proper, timely service" on the remaining defendants, they "must file proof of such service" and "demonstrate that they have viable claims against the four remaining defendants." Id. at 31-32. The court also explained that because "[t]he complaint describes Enduring Love International Church as an association," the church "must bring its claims through a lawyer" because "entities" cannot represent themselves in federal court. Id. at 15-16 (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003); General Local Rule 83(e) (E.D. Wis.)). The court ordered that "by the end of the day on December 29, 2023, a licensed attorney must file a notice of appearance on behalf of Enduring Love International Church" or "the court will dismiss Enduring Love International Church as a plaintiff." Id. at 32.

On December 18, 2023, the plaintiffs filed a document titled "Response to Docket #28: Show Cause." Dkt. No. 29. The plaintiffs stated that they "strongly disagree with the suggestion that their case be dismissed" and argued that, "[u]nder fundamental principles of equity and justice, the tithes and offerings belonging to Enduring Love International Church and its members must be returned immediately." Id. at 2. The plaintiffs reiterated their claims against the remaining defendants, summarized their various legal theories, urged the court to allow them to continue with their case and outlined their requested relief. Id. at 2-7. The plaintiffs' nine-page response did *not* address the court's requirement that they provide proof of proper service on the remaining defendants. The plaintiffs attached to their response several exhibits, but none of them are proof of proper, timely service of the summons and complaint. Dkt. Nos. 29-1, 29-2, 29-3. The "Certificate of Service" included in the exhibits shows only that "Linda Cha" mailed the "Show Cause" to the defendants on December 14, 2023. Dkt. No. 29-2.

On December 29, 2023—the deadline for the plaintiffs to provide proof of proper, timely service and for a licensed attorney to file a notice of appearance on behalf of Enduring Love international Church—the plaintiffs filed a notice of appeal. Dkt. No. 30. That notice of appeal deprived this court of jurisdiction over the plaintiffs' claims. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

3

appeal."); Kilty v. Weyerhaeuser Co., 758 F. App'x 530, 532-33 (7th Cir. 2019) (citing Griggs for the same principle). Because the notice of appeal divested this court of jurisdiction, the court could not rule on whether the plaintiffs had complied with the court's November 27, 2023 order or determine whether dismissal was warranted.

On July 2, 2024, the Seventh Circuit Court of Appeals dismissed the plaintiffs' appeal for lack of jurisdiction. Dkt. No. 40. The appellate court explained that "[g]enerally, an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket pursuant to Fed. R. Civ. P. 58." Id. at 1 (citing Alonzi v. Budget Construction Co., 55 F.3d 331, 333 (7th Cir. 1995); Cleaver v. Elias, 852 F.2d 26 (7th Cir. 1988)). It observed that "[t]he district court has not entered a final judgment under Rule 58 of the Federal Rule of Civil Procedure in this case" because it "has not disposed of plaintiffs' claims against defendants Sandy Williams, David Borowski, Anna Maria Hodges, and Dena Nardi." Id. The Seventh Circuit informed the plaintiffs that "now is not the time to appeal." Id.

Because the court of appeals has dismissed the plaintiffs' appeal, jurisdiction has been returned to this district court, which now has the authority to determine whether the plaintiffs have complied with the court's November 27, 2023 order.

As of the date of this order, no licensed attorney has filed a notice of appearance on behalf of Enduring Love International Church. "The federal rule

4

is clear: only a member of the court's bar (or a lawyer admitted *pro hac vice*) can represent another person or entity in litigation." AsymaDesign, LLC v. CBL & Assocs. Mgmt., Inc., 103 F.4th 1257, 1259 (7th Cir. 2024); see also General L. R. 83(e) (stating that "[o]nly natural persons, including those operating sole proprietorships, may appear pro se" and that "[l]egal entities, such as corporations, partnerships, unincorporated associations, limited liability companies, or trusts, must be represented by legal counsel"). As the court explained in its November 27, 2023 order, Enduring Love International Church is an "entity" and therefore may litigate only through licensed counsel. See Dkt. No. 28 at 15-16. Because no licensed attorney has filed a notice of appearance on behalf of Enduring Love International Church, the court will dismiss it as a plaintiff.

The plaintiffs have not filed proof of proper, timely service of the summons and complaint on the remaining defendants. They had until November 22, 2023 to effectuate valid service of the summons and complaint on all the defendants. Fed. R. Civ. P. 4(m). The court extended that deadline to December 29, 2023. Valid service of process is necessary for a court to exercise personal jurisdiction over a defendant. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991). While a federal court generally does not *sua sponte* raise the issue of whether it has personal jurisdiction over a defendant, this general rule does not apply where a defendant has not entered an appearance and the plaintiffs have moved for default judgment. See Souran v. Del. State Fair, Inc., Case No. 19-CV-1088, 2019 WL 3779556, at *1 (E.D.

5

Wis. 2019). It now has been several months since the expiration of the extended deadline of December 29, 2023, and the court has no evidence that the remaining defendants have been served with the summons and complaint in compliance with the Federal Rules of Civil Procedure. In the absence of proof of proper and timely service, this court lacks personal jurisdiction over the remining defendants. The court must dismiss the remaining defendants and dismiss the case in its entirety.

The court **DISMISSES** Enduring Love International Church as a plaintiff because it is not represented by a lawyer licensed to practice in this court.

The court **DISMISSES** defendants Sandy A. Williams, David L. Borowski, Anna Maria Hodges and Dena Nardi for lack of personal jurisdiction.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**